11-3442-cr
United States v. Mason

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

Present:    PIERRE N. LEVAL,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

———————————————————————————————

UNITED STATES OF AMERICA,

                        *Appellee*,

                        - v. -                    No. 11-3442-cr

PAUL H. MASON, AKA Paul Mason, AKA Paul Henry Mason,

                        *Defendant-Appellant*.

———————————————————————————————

For Defendant-Appellant:            MARK A. KAPLAN, Kaplan and Kaplan,
                                    Burlington, Vt.

For Appellee:                       MICHAEL P. DRESCHER (Gregory L. Waples, *on
                                    the brief*), Assistant United States Attorneys, *for*
                                    Tristram J. Coffin, United States Attorney for
                                    the District of Vermont

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Paul H. Mason ("Mason" or the "defendant") appeals from a judgment of conviction entered by the United States District Court for the District of Vermont (Sessions, *J.*), convicting him, following a jury trial, of wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. On appeal, Mason contends that the evidence was insufficient to prove that a phone call placed in November 2004 was an overt act in furtherance of the conspiracy or the use of the interstate wires in furtherance of the fraudulent scheme, thereby rendering his prosecution on both counts untimely under the five-year statute of limitations. We assume the parties' familiarity with the facts and procedural history of the case.

A defendant challenging the sufficiency of the evidence bears a "heavy burden." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004) (internal quotation marks omitted). We review the evidence "in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor." *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008). A conviction must be affirmed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

In this case, both the wire fraud and conspiracy to commit wire fraud counts were subject to the five-year statute of limitations set forth in 18 U.S.C. § 3282(a). For a conspiracy to have occurred within the limitations period, "(1) [it] must still have been ongoing within the five year

2

period preceding the indictment, and (2) at least one overt act in furtherance of the conspiratorial agreement [must have been] performed within that [five-year] period." *United States v. Ben Zvi*, 242 F.3d 89, 97 (2d Cir. 2001) (internal quotation marks omitted). "[T]he crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement, for it is that which determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy." *United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) (internal quotation marks omitted). In order for the wire fraud prosecution to be timely, there must have been at least one use of the interstate wires within the applicable limitations period that was "for the purpose" of executing the fraudulent scheme. *See* 18 U.S.C. § 1343.

Mason first argues that the government's evidence is insufficient to sustain the convictions because the sole objective of both the scheme and the conspiracy was to defraud the insurance company and not to defraud Ford Credit. He contends that given this purpose the scheme and the conspiracy were complete in December 2000 when the insurance company wrote a check to Ford Credit and thus that the November 1, 2004 call to Ford Credit could not be construed as an overt act in furtherance of the scheme or conspiracy. This argument is unavailing. As alleged in the indictment, the purpose of the scheme and conspiracy was not merely to defraud the insurance company but to "relieve the [d]efendant from having to repay [the truck] loan." J.A. 8, 11. This allegation was supported by testimony at trial, including testimony of his former girlfriend that his purpose in falsely reporting the truck stolen was "[t]o not have to make all those payments on the truck and to have the truck paid off." *Id.* at 94. Because a balance remained on the truck loan after the insurance company paid the claim, a

3

reasonable jury could infer that the scheme and conspiracy were not complete in 2000 and could interpret Mason's November 1, 2004 phone call to Ford Credit as a continuation of the scheme and conspiracy. *See United States v. Pizzonia*, 577 F.3d 455, 466 (2d Cir. 2009) (noting that conspiracy is "a continuing crime, that is not complete until the purposes of the conspiracy have been accomplished or abandoned." (internal quotation marks omitted)).

Mason also argues that the November 1, 2004 call to Ford Credit could not be construed as a continuation of the fraud or an overt act in furtherance of the conspiracy because, during that call, there is no indication that he lied or otherwise attempted to defraud Ford Credit. He notes that the evidence at trial revealed that he had previously acknowledged that there was still a balance due on his loan after the insurance proceeds were applied and that he even made arrangements to pay it off at the rate of $80.37 per month. He contends that the only reasonable explanation of the call, as reflected in a subsequent call Mason made to Ford Credit 18 minutes later after being disconnected, was that he truly believed that the truck loan had been fully paid off when he paid off a second loan he had with Ford Credit, the loan on the Ford Explorer. Even assuming that Mason has posited a plausible counter-interpretation of the evidence, the jury was not compelled to accept it where, as here, there was sufficient evidence to support the government's interpretation of the evidence. One of the government's witnesses, Ms. Blinson, the Ford Credit representative who received the call, testified with the help of her contemporaneous notes that, when she told Mason that there was still a $422.43 balance owing on the truck loan, he responded by saying that the "vehicle was stolen" and the insurance company had paid. J.A. 138. A reasonable jury could conclude that Mason repeated his false claim that his truck had been stolen in an effort to persuade Ford Credit to excuse the remaining

4

payments due on the loan. Accordingly, because we must view the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor, we reject Mason's challenge to the sufficiency of the evidence and affirm the judgment of conviction.

We have considered all of the defendant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
